No. 367. LIBERTY OIL COMPANY *v.* CONDON NATIONAL BANK ET AL.;

No. 377. OLE TOLO *v.* STEAMSHIP HANNAH NEILSON, HER ENGINES, ETC.;

No. 381. SIOUX CITY BRIDGE COMPANY *v.* DAKOTA COUNTY, NEBRASKA;

No. 434. DOO FOOK *v.* UNITED STATES; AND

No. 435. CHAN WY SHEUNG *v.* UNITED STATES. Order entered November 7, 1921.

These were petitions for a rehearing of the dismissal of petitions for certiorari which were not submitted to the court in accordance with the provision of Rule 37, par. 4, that "An application for a writ of certiorari will be deemed in time when the petition therefor, accompanied by the printed record and brief, is filed within the period prescribed by law, provided this is followed by submitting the petition in open court on some motion day not later than the first one which follows a period of four weeks after such filing." It has been made to appear to the satisfaction of the court that the failure to submit these petitions at the proper time was due to a misunderstanding as to the effect of the rule and an unwarranted reliance upon the assumed practice of the clerk of his own motion to present such petitions. The authority given by the rule to the clerk to present the petitions at the request of counsel was for the purpose of relieving counsel of the necessity of coming to court, frequently from long distances, to make a formal motion. It was not, however, intended to relax the requirement adopted to facilitate dispatch of business, that the petition should be presented on the motion day fixed by the rule. By granting these motions the court does not intend to relax the requirements of the rule, and suggests that hereafter to avoid question requests made to the clerk to present such petitions should be in writing. The applications in the foregoing cases are severally granted, and the petitions will be restored to the docket for consideration on their merits and considered as submitted. [See *post,* 630, 651, 652, 653, 654.]